UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------- x

KYLE RALEIGH                            :
                                        :
                    Plaintiff,          :
                                        :       **MEMORANDUM &**
        -against-                       :       **DECISION ON**
                                        :       **MOTIONS *IN LIMINE***
DONNA M. BARIBAULT, *et al.*            :       **AND OBJECTIONS**
                                        :
                    Defendants.         :       3:22-CV-01069 (VDO)
-------------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

This action concerns Plaintiff Kyle Raleigh's Revolutionary War-era property in Canterbury, Connecticut. He alleges that Defendants Donna Baribault and Michael Durvin removed various items and fixtures after Wilmington Savings Fund Society ("Wilmington") foreclosed on the property. Plaintiff and his husband purchased the foreclosed property from Wilmington in 2019. While Plaintiff is named in the action, he brings this case by virtue of an assignment of claims that originally belonged to Wilmington.

Before the Court are Defendants' seven motions *in limine*, the parties' objections to exhibits, and Defendants' objections to Plaintiff's witnesses. As discussed during the pretrial conference, the Court rules on the motions *in limine* and objections as follows.

I.      **DISCUSSION**

        A.      **Defendants' Motions *in Limine***

                1.      **First Motion *in Limine* (ECF No. 326)**

In the first motion *in limine*, the Defendants request an order under Rule 104(a) of the Federal Rules of Evidence requiring the Plaintiff to prove that Selene Financing LP had actual authority to act on behalf of Wilmington when it executed the assignment that provided

Plaintiff with the right to bring this action. Defendants then move to exclude that assignment under Rule 901. This motion is **DENIED WITHOUT PREJUDICE**.

"A motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim." *Williams v. Rushmore Loan Mgt. Services LLC*, No. 15-CV-673 (RNC), 2017 WL 822793, at *1 (D. Conn. Mar. 2, 2017) (cleaned up) (collecting cases). Here, in the guise of a motion *in limine*, Defendants seek a dispositive ruling on the merits of their argument that Plaintiff lacks standing to bring this action. This is procedurally improper, and thus the motion is denied.

Further, there is no indication that Plaintiff seeks to introduce the Assignment, as he does not list it in his exhibit list or the Joint Trial Memorandum[1]. As such, Defendants' request to preclude this item of evidence under Federal Rule of Evidence 901 is speculative and premature. Defendants may raise this issue again if Plaintiff seeks to introduce the Assignment at trial.

### 2.    Second Motion *in Limine*  (ECF No. 327)

In the second motion *in limine*, Defendants move under Federal Rule of Evidence 702 to preclude contractor Steven Bielitz from offering testimony on damages because his methodology improperly calculates the cost of a historic restoration. This motion is **DENIED**. As Plaintiff attested in his briefs and during the pretrial conference, he seeks to rely on Mr. Bielitz only as a lay witness—not as an expert witness. Because Mr. Bielitz is not an expert witness, Federal Rule of Evidence 702 does not apply, and Defendants' argument is

---

[1] When referencing the "Joint Trial Memorandum," the Court is referring to the operative (Corrected) Joint Trial Memorandum filed ECF No. 336.

inapplicable. *See U.S. v. Barrett*, 750 Fed. Appx. 19, 24 (2d Cir. 2018) (finding that a challenge under Rule 702 failed because an expert testified as a lay witness, not an expert witness).

### 3.    Third Motion *in Limine* (ECF No. 328)

In the third motion *in limine*, Defendants ask the Court to preclude testimony and evidence from three contractors—Steven Bielitz, Kenneth Thompson, and Mark Holdridge—under Rule 37(c)(1) of the Federal Rules of Civil Procedure because Plaintiff failed to disclose the contractors as expert witnesses pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. This motion is **GRANTED IN PART AND DENIED IN PART.**

As an initial matter, Plaintiff does not seek to introduce testimony or evidence from either Kenneth Thompson or Mark Holdridge. Thus, this motion is **DENIED AS MOOT** to the extent it pertains to either of these two individuals.

However, Defendants' third motion *in limine* is **GRANTED** to the extent it seeks to preclude expert testimony by Mr. Bielitz. Mr. Bielitz is not an expert witness, and he has not been identified as one. Plaintiff does not dispute this, and he only seeks to rely on Mr. Bielitz as a lay witness. Thus, as Mr. Bielitz is not permitted to testify on matters requiring specialized knowledge within the scope of Rule 702. *See Grabin v. Marymount Manhattan College*, 659 Fed. Appx. 7, 9 (2d Cir. 2016) ("Under Federal Rule of Evidence 701, a lay witness can testify only about opinions that are 'rationally based on the witness's perception,' and 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'") (quoting Fed. R. Evid. 701(a),(c)).

The key issue here is whether Mr. Bielitz can testify, as a lay witness, to the cost of conducting a historic renovation of the property. The Court finds that he cannot.  A lay witness can determine the cost of replacing an ordinary fixture, such as a stove or a common doorknob.

*See 405 Condo Associates LLC v. Greenwich Ins. Co.*, No. 11-CV-9662, 2012 WL 6700225, at *6 (S.D.N.Y. Dec. 26, 2012) (finding that a contractor's experience did not "convert him from a lay witness into an expert witness"). However, specialized knowledge is required to determine the precise intricacies of restoring a Revolutionary War-era home. It requires understanding the historic significance of a fixture and the cost of a historically accurate replacement. This is far beyond the knowledge of a lay witness. As such, Mr. Bielitz may testify as a lay witness regarding matters within the scope of common knowledge, such as the replacement cost of a standard fixture, but he is precluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure from testifying as an expert witness on matters that require specialized knowledge.

### 4.    Fourth Motion *in Limine* (ECF No. 329)

In the fourth motion *in limine*, Defendants seek to prohibit Plaintiff from introducing any evidence based on documents Plaintiff refused to produce at his deposition. This seems to be a prophylactic request as Defendants have not identified any specific proposed trial exhibits that were not produced during discovery. Indeed, Defendants filed a motion to compel the production of the documents that Defendant did not produce at his deposition, and Magistrate Judge Spector ordered the production of a number of these documents.[2] There is no indication that Plaintiffs did not comply with this order. Thus, the fourth motion in *limine* is **DENIED WITHOUT PREJUDICE**. Defendants may raise this issue at trial if they identify exhibits that were not produced in discovery.

---

[2] *See* ECF No. 238.

### 5.      Fifth Motion *in Limine* (ECF No. 330)

In the fifth motion *in limine*, Defendants moved to require Plaintiff to authenticate his photographic exhibits. This motion is **GRANTED**.  Plaintiff may rely on the photographs only once they are authenticated by a witness. In the Second Circuit, admitting a photograph requires a "witness to recognize and identify the object depicted and testify that the photograph is a fair representation of what it purports to portray." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp.*, LLC, 571 F.3d 206, 214 (2d Cir. 2009). At the pretrial conference, Plaintiff indicated that this would not be an issue and preemptively listed the live witnesses who will authenticate the photographs at trial. However, the Court notes that Defendants were specifically concerned with Plaintiff's potential use of metadata alone to authenticate a photograph and establish a timeline. For clarity, Plaintiff cannot solely use metadata to authenticate a photograph, but the Court will consider the photographic content and its metadata once its authenticity has been otherwise established.  *See CA, Inc. v. Simple.com*, Inc., 780 F. Supp. 2d 196, 224 (E.D.N.Y. 2009) (holding that computer-generated data, including metadata, is a reliable form of evidence once it has been authenticated by "the testimony of a witness with knowledge that the matter is what it is claimed to be, or evidence describing the process of how the [metadata is] produced and that [it is] accurate").

### 6.      Sixth Motion *in Limine* (ECF No. 331).

In the sixth motion *in limine*, Defendants moved under Rules 401 and 403 to exclude testimony regarding the condition of the property outside of the relevant period, which they identify as the time period between December 12, 2018, to March 22, 2019. After carefully considering the briefing, the Court **DENIES** this motion. At this point, Defendants have not

established that all evidence outside of this time frame is either irrelevant or that its probative value would be substantially outweighed by the concerns set forth in Rule 403.

### 7.    Seventh Motion *in Limine* (ECF No. 332)

In the seventh motion *in limine*, Defendants seek to limit Plaintiff's use of photographic evidence by (1) limiting the presentation of evidence to representative samples under Rules 401 and 403 to avoid the presentation of needlessly duplicative evidence; (2) limiting the use of photographs taking outside of the "relevant time period;" (3) limiting photographs of items recovered during the course of litigation; and (4) requiring Plaintiff to identify each of the witnesses in advance who will authenticate the photographs, the date each photograph was taken, and the person who took it. This motion is **DENIED**.

First, in Plaintiff's response and at the pretrial conference, he acknowledged that there were multiple views of the same locations on the property, but explained that the combination of the photos is necessary to show extensive damage throughout different periods of time. And, during the pretrial conference, Plaintiff was amenable to reducing the extensive exhibit list in an effort to avoid needlessly duplicative evidence. Thus, Defendants' request to require Plaintiff to only present representative samples of photographic evidence is denied. However, the Court reserves the right to revisit this issue at trial if Plaintiff's exhibits are indeed duplicative when placed in the appropriate factual context. *See Gogol v. City of New York*, No. 15 CIV. 5703, 2018 WL 4616047, at *1 (S.D.N.Y. Sept. 26, 2018) ("[T]he Court's ruling regarding a motion *in limine* is 'subject to change when the case unfolds, particularly if the actual testimony differs from what was [ex]ected.'") (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)); *see also U.S. v. Kandic*, No. 17-CR-449, 2022 WL 1266431, at *6 (E.D.N.Y.

Apr. 28, 2022) (holding that a court may reconsider a motion *in limine* if the presentation of evidence is repetitive or needlessly cumulative "in the context of trial").

Second, as previously explained, Defendants have not established that evidence outside of the period between December 12, 2018, and March 22, 2019, is irrelevant. Thus, the Court will not broadly preclude all evidence from outside of this time period.

Third, Defendants have not established, at this point, that photographs of replevied items are irrelevant. According to Plaintiff, the exhibits depict fixtures in Defendants' possession during the pendency of the litigation and therefore could reasonably be probative in establishing the Defendants as the individuals who removed fixtures from the property. "Evidence is relevant if: (a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *U.S. v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019) (quoting Fed. R. Evid. 401) (emphasis in original). The photographs support the inference that Defendants removed the fixtures from the property, which is an essential element of Plaintiff's claims. Thus, Plaintiff may introduce the photographs of replevied fixtures at trial.

Finally, Defendants did not rely on any legal authority to support their proposition that Rule 901(a) requires Plaintiff to identify—in advance of trial— the identity of the witnesses who will authenticate the photographs, the date each photograph was taken, and the identity of the person who took each photograph. "It is well-recognized that it is not this Court's obligation to make a party's arguments for it or fill in the blanks on that party's behalf." *Xiamen ITG Group Corp., Ltd. v. Peace Bird Trading Corp.*, No. 19-CV-6524, 2025 WL 3460317, at *3 (E.D.N.Y. Sept. 12, 2025). Parties are expected to submit some semblance of a legal

analysis, particularly when they are represented by counsel. And it is not the Court's obligation to fill in the blanks when they fail to do so. Thus, the seventh motion *in limine* is **DENIED**.

## B.    Defendants' Objections to Plaintiffs Exhibits

The Court next turns to considering the objections outlined in the parties' Joint Trial Memorandum. First, Defendants object to broad categories of Plaintiff's exhibits "[w]ithout addressing each exhibit" based on "relevance, lack of authentications, lack of foundation, hearsay, cumulative evidence, unfair prejudice under [Rule 403], and improper expert testimony."[3] These objections are **OVERRULED**. An objection must "state accurately the ground on which inadmissibility is claimed and state this with a reasonably degree of certainty … to give the judge an opportunity to correct the error." *U.S. v. Fell*, 531 F.3d 197, 229 (2d Cir. 2008) (quoting *United States v. Indiviglio*, 352 F.2d 276, 279–80 (2d Cir.1965)); *see also Nnodimele v. Derienzo*, No. 13-CV-3461, 2016 WL 3561708, at *16 (E.D.N.Y. June 27, 2016) ("Generalized objections that merely cite a provision of the Federal Rules of Evidence without explanation of its application to that exhibit are insufficient and may result in this court deeming such objections waived."). Here, the Court overrules Defendants' objections because it cannot discern precisely which exhibits Defendants object to or the grounds for each objection.

Defendants supplemented its broad objection with another list of objections filed almost two weeks after the deadline to submit motions *in limine* or objections in the Joint Trial Memorandum.[4] Pursuant to this Court's Standing Order on Joint Trial Memoranda,

---

[3] ECF No. 336 at 13.

[4] *See* ECF No. 360.

"[o]bjections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown." Defendants did not offer any good cause for this delay, either in their briefing or when asked by the Court at the pretrial conference. Of course, the parties may raise appropriate objections to exhibits during the presentation of evidence at trial, but the Court will not consider Defendants' late-filed supplemental objections at this time.

### C.    Plaintiff's Objections to Defendants' Exhibits

Next, Plaintiffs object to eight of Defendants' exhibits based on lack of relevance under Rule 401. However, at the pretrial conference, Defendants demonstrated independent, relevant reasons for the introduction of each of these items of evidence. Because relevance under Rule 401 "is a low threshold, easily satisfied," all of Plaintiff's relevance objections to Defendants' exhibits are **OVERRULED**. *Gramins*, 939 F.3d at 450 (collecting cases).

### D.    Defendants' Objections to Plaintiff's Witnesses

Finally, Defendants object to five of the witnesses Plaintiff identified: (1) Zane Claverie, (2) Matthew Means, (3) Plaintiff Kyle Raleigh, (4) Defendant Donna Baribault, and (5) Cynthia Sherman. Defendants' objections to Mr. Means's and Plaintiff's testimony are **SUSTAINED IN PART**. Specifically, Plaintiff stated that portions of his and Mr. Means's testimony will concern their "experience living in antique houses and the knowledge base [they have] acquired as a result of this lived experience."[5] Defendants object to the relevance of this testimony under Rule 401, and the Court agrees. Such overbroad testimony about an individual's general experience living in any antique house is not probative of any issue in this matter. And Plaintiff did not offer any other relevant reason for the introduction of this

---

[5] ECF No. 336 at 7, 8.

testimony at either the pretrial conference or in the Joint Trial Memorandum. Thus, Plaintiff and Mr. Means are precluded from testifying about their general experience living in antique houses and any resulting knowledge acquired as a result of that experience.

All other objections to Plaintiff's witnesses are **OVERRULED** without prejudice and may be raised, if necessary, during the presentation of evidence at trial.

## II.      CONCLUSION

For the reasons set forth above, the Defendants' motions *in limine* seeking to preclude expert testimony by Mr. Bielitz (ECF No. 328), and seeking to require authentication of photographic evidence (ECF No. 330) are **GRANTED**. The Defendants' remaining motions *in limine* are **DENIED**.

Defendants' Rule 401 objection to Plaintiff and Mr. Means's proposed testimony on their general experiences living in antique houses is **SUSTAINED**. All other objections presented in the Corrected Joint Trial Memorandum (ECF No. 336) and in Defendants' Supplemental Objection Memorandum (ECF No. 360) are **OVERRULED**.

**SO ORDERED.**

Hartford, Connecticut
April 7, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge